NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 14 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   20-50044 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00519-DSF-1 |
| v. | |
| JUAN ANTONIO GONZALEZ-URENA, AKA John Anthony Gonzales, AKA John Antonio Gonzalez, AKA Johnny Gonzalez, AKA Juan Antonio Gonzalez, AKA Juan Antonio Urena, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted June 9, 2021**
Pasadena, California

Before:  GRABER, CALLAHAN, and FORREST, Circuit Judges.

Juan Antonio Gonzalez-Urena, a Mexican national, appeals the district

court's denial of his motion to dismiss his indictment for illegal reentry after

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

removal in violation of 8 U.S.C. § 1326(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gonzalez-Urena has not shown that his predicate removal order was fundamentally unfair under 8 U.S.C. § 1326(d)(3), thereby warranting dismissal of his indictment. *See United States v. Valdez-Novoa*, 780 F.3d 906, 913 (9th Cir. 2015). To demonstrate fundamental unfairness, Gonzalez-Urena must show that he had a "plausible, rather than merely conceivable or possible" claim for relief at the time of his 2013 removal proceedings. *Id.* at 914. Gonzalez-Urena argues that he had a plausible claim under the Convention Against Torture (CAT) because his "mental condition has led to multiple arrests, convictions, and prison terms" and, therefore, if removed, it is likely that he would "come to the attention of Mexican law enforcement" and "then end up in an institution where he is more likely than not to suffer torture."[1] We review de novo the district court's denial of Gonzalez-Urena's motion, and we review its findings of fact for clear error. *United States v. Cisneros-Rodriguez*, 813 F.3d 748, 755 (9th Cir. 2015); *see also Guerra v. Barr*, 974 F.3d 909, 915 (9th Cir. 2020) ("[w]hat is likely to happen to a petitioner if deported" is a question of fact, not a legal conclusion).

The record supports the district court's finding that Gonzalez-Urena's

---

[1] We decline to address Gonzalez-Urena's argument, raised for the first time on appeal, that he is likely to be tortured in a Mexican prison if removed. *United States v. Hernandez-Arias*, 757 F.3d 874, 883 (9th Cir. 2014).

mental illnesses would not likely lead to his detention in a Mexican mental institution if he were removed to Mexico. *Cf. Guerra*, 974 F.3d at 915–16. Nor did the district court err in finding it unlikely that officials at such institutions (or healthcare providers to whom officials have acquiesced) would specifically intend to harm Gonzalez-Urena if he were institutionalized. *See Villegas v. Mukasey*, 523 F.3d 984, 988–89 (9th Cir. 2008). Accordingly, the district court did not err in concluding that Gonzalez-Urena lacked a plausible claim to relief under the CAT.

 **AFFIRMED.**